## LAWSON v. CAMPBELL AND BROTHER.

The court will not presume a state of facts, which would make the following charge to the jury erroneous : " That if the enclosures of the defendant were not protected by a good and sufficient fence, such as would protect his crops from stock not breachy, that he could not be allowed his damages."

Every fair presumption should be in favor of the decision below, and therefore facts should not be presumed that would indicate error.

In an action to recover the value of an elk killed by defendant, and where he set up in defense that the elk was trespassing upon his enclosure, and had introduced evidence to show the value of the elk ; held, that the plaintiff should be permitted to give rebutting evidence in reference to the trespass and the value of the elk.

### Appeal from Polk District Court.

*Opinion by* HALL, J. This action was originally commenced by Campbell and brother, against Jacob M. Lawson before a justice of the peace, to recover the value of an Elk, said to be reclaimed by plaintiffs, which the defendant had killed. The defendant set up in defense that the Elk was trespassing upon his enclosure when killed, and that the plaintiffs had a drove of Elk, which had invaded his fields and trespassed upon his grain-fields and did great damage to the defendant and sets up this damage by way of set-off to plaintiff's demand.

The court below instructed the jury, in substance, "That if the enclosures of the defendant were not protected by a good and sufficient fence, such as would protect his crops from stock not breachy : that he could not be allowed his damages."

The Code, § 913 ; provides, that " if the beasts, were lawfully on the adjoining land, and escaped therefrom in

consequence of the neglect of the person, suffering the damage, to maintain his part of the division fence, the owner of the beasts, shall not be liable for such damage."

Without extending this opinion or examining the question, as to lawful fences and trespassing animals generally; we can well conceive of a case where the *instructions of the court* would find complete shelter from error, under the law above referred to, and in as much as the evidence upon which the instructions were given, is not set out, we cannot say but such a case was presented by the evidence. This court cannot presume any set of facts, to base error upon. Every fair presumption, should be in favor of the decision below. *Dunham* v. *Benedict*, 1 G. Greene, 74 ; *Mackemer* v. *Binner*, ib., 157 ; *Saum*, v. *Jones County*, ib., 155.

There is another point insisted upon by the plaintiffs in error. After the defendant below, had given evidence as to the value of the Elk, the plaintiffs was permitted to give further evidence by way of rebutter, and fixing the value of the elk.

This court has repeatedly decided that the admission of such evidence was proper, and in the case of *Wright* v. *Millard*, the judgment of the court below was reversed, on the ground that the court refused to admit evidence in rebutter, which went to establish the main fact of the cause of action.

The action was trespass, *quare clausum fregit*, and the question in issue was the possession of the plaintiffs. In giving evidence in chief, the plaintiff substantially proved his possession. The defendant then introduced several witnesses, who proved defendant in possession, and not plaintiff. In reply, plaintiff offered further evidence of his possession, which the district court refused to admit, and exceptions were taken. This court reversed the judgments, ruling that such restricting evidence was proper. That the plaintiff, when he has made out his case by competent evidence, might properly rest, and that he was not

bound to give more evidence than would prove his case in
the first instance.

Judgment affirmed.

*G. G. Wright* and *J. E. Jewett*, for appellant.

*Bates* and *Finch* for appellee.